THE STATE OF OHIO, APPELLEE, *v.* COOPER, APPELLANT.

(No. 77-219—Decided December 14, 1977.)

*Mr. John E. Shoop,* prosecuting attorney, *Mr. David L. Lavinder* and *Mr. Gregory Sasse,* for appellee.

*Messrs. Talikka & Ulrich, Mr. Leo J. Talikka* and *Mr. Joseph R. Ulrich,* for appellant.

*Per Curiam.* In his propositions of law Nos. 20 and 23, appellant contends that there were so many errors made by the trial court in its rulings on motions and objections, as well as in its jury instructions, that the judgment and findings of the court were contrary to law and prejudicial to the defendant. We disagree.

Several of the issues raised by appellant in his brief to this court were not properly preserved at the trial level. In paragraph three of the syllabus in *State* v. *Childs* (1968), 14 Ohio St. 2d 56, this court stated:

"It is a general rule that an appellate court will not consider any error which counsel for a party complaining of the trial court's judgment could have called but did not call to the trial court's attention at a time when such error could have been avoided or corrected by the trial court. * * *"

Thus, in proposition of law No. 1, the appellant contends in part that the trial court committed reversible error in denying his motion to strike the testimonies of Doctor Maxwell Burnham and Doctor Charles Hirsch, on the basis that neither doctor was shown to be duly qualified and licensed to practice medicine in the state of Ohio, nor was it established that their testimonies were based upon medical or scientific certainty. However, the record shows that appellant did not raise an objection until after the conclusion of the state's presentation of 30 additional witnesses.

Appellant contends in his proposition of law No. 4, that the trial judge committed prejudicial error in denying his motion to strike the testimonies of Deputies Sam

Avallone and Timothy A. Mathis, who did not specifically identify the appellant during their testimonies. However, it was not until the close of the state's presentation of evidence that the defense filed a motion to strike.

In proposition of law No. 6, the appellant avers that he was denied a fair trial in that the prosecution in its opening statement deliberately inflamed the jury by making reference to facts which were never proven. The court again notes that at no time during the trial did the appellant make objection thereto. The record only shows that the appellant's counsel in his closing argument to the jury, over the objection of the prosecution, challenged point by point the factual basis of the prosecution's opening remarks.

As to each of the above instances, the court finds that the appellant either failed to make a timely objection or made no objection at all. We therefore overrule the above contentions by appellant presented in propositions of law Nos. 1, 4 and 6.

In proposition of law No. 2, appellant contends that the trial court committed reversible error in admitting the testimony of Doctor Hirsch on the basis that he had no authority under R. C. 313.16 to perform an autopsy on the victim.

R. C. 313.16 provides in part that a coroner in a county which does not have a laboratory may request a coroner from another county with such facility to conduct the autopsy. Appellant contends that because Lake County has facilities for performing autopsies, Doctor Burnham, as Lake County Coroner, had no authority to send the victim's body to Cuyahoga County for examination by Doctor Hirsch. Thus, appellant reasons, the testimony of Doctor Hirsch should have been prohibited at trial. This argument lacks any merit.

R. C. 313.16 merely provides the coroner with authority to obtain assistance from outside the county to conduct an autopsy and does not provide that failure to use one's own laboratory affects the accuracy or reliabil-

ity of the autopsy itself. Irrespective of whether Lake County had a laboratory at the time Doctor Burnham authorized Doctor Hirsch to perform the autopsy, the testimony of Doctor Hirsch with respect to his autopsy was admissible at trial.

Appellant contends further in his second proposition of law that the testimony of Doctor Burnham should also have been prohibited at trial since he himself did not perform the autopsy.

This argument also lacks any merit. The record reflects that Doctor Burnham testified only as to his death certificate entry concerning the immediate cause of death. The doctor did not render an opinion based on observations by another as to the cause of death.

Appellant's second proposition of law is overruled.

In propositions of law Nos. 1 and 3, appellant contends in effect that the prosecution failed to produce evidence showing the existence of the criminal agency of another as the cause of death, one of two elements necessary to establish the *corpus delicti* of the crime. (*State* v. *Manago* [1974], 38 Ohio St. 2d 223.)

The court finds overwhelming evidence to establish death by a criminal agency. Expert testimony clearly indicates that Rebecca died as a result of strangulation. Witnesses who first arrived at the scene of the crime testified that Rebecca's body was lying face down in a stream, with a towel around her neck. Furthermore, there was no evidence of death caused by other means such as drowning.

Appellants first and third proposition of law are rejected.

Appellant contends in part of proposition of law No. 4 that the trial court committed prejudicial error in allowing Deputy Avallone to testify that he had prior contact with the appellant in an official capacity. Appellant contends that by allowing the deputy to describe how the defendant acted on prior occasions, the trial court violated its own order issued before trial prohibiting testimony regarding prior similar acts of the defendant.

Simply because the deputy stated during trial that he had prior contact with the defendant in an official capacity does not indicate that the defendant had a prior record or had committed prior similar acts. At trial, the deputy merely testified that, based on his prior acquaintance with the defendant, the defendant was now more calm and more cooperative with authorities than he had been previously. There is no indication of prejudice resulting from this testimony. Therefore, the appellant's fourth proposition of law is overruled.

Appellant claims in proposition of law No. 5, that there was reversible error on the part of the trial court in denying his motion for mistrial on the basis that the trial court allowed Chief Deputy Amiott, a state's witness, to accompany the jury to their lodgings the night of July 17, 1974.

The record reflects that the trial court, concerned for the safety of the jurors, suggested that the bailiff obtain a police officer to escort the jurors on foot from the courthouse to their motel. The officer assigned was Chief Deputy Amiott. No evidence of any specific indiscretion on the part of the officer, such as conversing with the jurors, is contained in the record. During a special hearing conducted on this issue, the defense was given the opportunity to question the bailiff as to what had occurred, but the defense declined, contending that the appointment of the deputy as custodian for the jury alone constituted reversible error.

Although the trial court should not permit government witnesses to serve as custodians for the jury, we decline to adopt the appellant's view suggesting that such activity on the part of a witness, *per se,* constitutes reversible error. See *State* v. *Bailey* (Del. Super. 1976), 352 A. 2d 415; *Kiper* v. *Commonwealth* (Ky. App. 1967), 415 S. W. 2d 92; *People* v. *Dilworth* (Ill. App. 1966), 214 N. E. 2d 9; *Whisman* v. *State* (1965), 221 Ga. 460, 145 S. E. 2d 499; Cf. *State* v. *Tyarks* (Mo. 1968), 433 S. W. 2d 568.

In *Turner* v. *Louisiana* (1965), 379 U. S. 466, the Su-

preme Court of the United States declined to adopt such a rigid rule, but rather considered such factors as the type of custodial relationship the witness experienced with the jury, the degree and length of their associations, and the importance of the witness' testimony during trial, in determing whether the accused was deprived of a fair and impartial jury. Thus, for example, the Supreme Court found reversible error where two key prosecution witnesses, as sheriff's deputies, served as custodians for the jury throughout the three-day trial. Although there was nothing to indicate that the deputies discussed the case with the jury, they escorted jurors to and from restaurants and their motels, ate with them, conversed with them, and ran errands for them.

None of the above occurrences are present in the instant cause. Chief Deputy Amiott was appointed to assist the bailiff in walking the jurors to their quarters, as opposed to serving as a bailiff himself throughout the trial. The record reflects that Chief Deputy Amiott accompanied the jury for one night as opposed to sharing meals and conversing with the jurors over an extended period of time. At trial, the chief deputy was not a key witness, but merely in his testimony confirmed the testimony of the other officers who did serve as key witnesses.

Appellant's fifth proposition of law is overruled.

In proposition of law No. 7, appellant contends that he was denied a fair trial because in its closing argument to the jury, the prosecution allegedly attacked the integrity of the defense, commented on the defendant's failure to present any evidence, and made reference to facts never proven at trial.

Appellant points to the following statements in the record made by the prosecution to show prejudicial error.

"[Prosecution]: Ladies and gentlemen, this is the whole case. Rebecca Sue Gilhausen, age twelve years, is dead for no reason whatsoever. Rebecca Sue Gilhausen died because the defendant took upon himself to play with a human life.

"The defense has, during the whole trial, attempted to say that the prosecution lied, police officers lied, the witnesses lied, everyone in this case lied and that I am a liar and I am a thief and that makes me worse than that person on the stand.

"[Defense]: Objection.

"The Court: Sustained.

"[Prosecution]: But, the State has proven facts. The State has shown evidence. The State has shown that the defendant is guilty. Rely on those facts, ladies and gentlemen, and list those facts. Turn them over and upside down and they come out the same. The defendant is guilty.

"Diversion. Any law student in the first year of college will learn that if you haven't got anything or if you cannot do anything to get your client off, then create a diversion.

"[Defense]: Objection.

"The Court: Sustained.

"[Prosecution]: Create a cloud. Point the finger. Say the police lied. Say the prosecutor is wrong. He lied.

"[Defense]: Objection.

"The Court: Sustained. There is no evidence that the prosecutor lied."

In *State* v. *Woodards* (1966), 6 Ohio St. 2d 14, certiorari denied 385 U. S. 930, this court dealt with a similar situation wherein the prosecution, in his summation to the jury, claimed that the defendant was "faking," and labelled him a "misfit." While the court found the statements to be intemperate, it did not find reversible error, noting that some latitude and freedom of expression should be allowed the parties in closing argument, and that "[t]he jury should be given credit for sufficient common sense and sound judgment to discount the remarks * * *." *Woodards, supra,* at page 26.

Applying these principles to the instant cause, the court finds that, although the prosecution in effect accused the defense of deliberate diversion, such remark alone did not constitute reversible error.

Appellant contends further that the prosecution improperly commented on the defendant's failure to testify in his summation to the jury. (Paragraph one of the syllabus in *State* v. *Lynn* [1966], 5 Ohio St. 2d 106.) The evidence does not support appellant's argument.

In his summation the prosecution stated:

"There is little else to say, ladies and gentlemen. I am sure that I could talk all day on this subject turning the facts over and over and keep listing the facts. I submit to you that your responsibility from this point on is a very serious one. And, I ask you to not only listen to my side, but to listen also to the defense's side. But, keep in mind the diversion that has been perpetrated by the defense throughout the trial."

A helpful test in determining whether the above comment improperly indicated that the defendant failed to testify on his own behalf at trial is to determine "* * * whether the language used was manifestly intended or was of such character that the jury would naturally and necessarily take it to be a comment on the failure of the accused to testify." *Knowles* v. *United States* (C. A. 10, 1955), 224 F. 2d 168, 170.

In the above statement, it is reasonable to conclude that the prosecution, in requesting the jury to " * * * listen also to the defense's side * * *" was not in any way pointing to the failure of the defense to present evidence, but was simply requesting the jury to compare what the defense had to say about the conclusions that could be drawn from the evidence with what the prosecution already proposed. (See, e. g., *Clarke* v. *United States* [D. C. App. 1969], 256 A. 2d 782; *McCracken* v. *State* [Alaska 1967], 431 P. 2d 513.) Thus, appellant's argument is without merit.

With respect to the argument that the prosecution made reference to facts never proven at trial, this court has reviewed the closing remarks made by the prosecution at trial and finds that the prosecution generally confined its statements to the facts introduced at trial or to the

reasonable inferences that could be drawn therefrom. Appellant's seventh proposition of law is rejected.

In proposition of law No. 8, appellant urges that the trial court committed prejudicial error in denying his motion for permission to inspect the minutes of the grand jury.

Although a defendant is not generally entitled to inspect these minutes (*State* v. *Laskey* [1970], 21 Ohio St. 2d 187, 191), it is provided under Crim. R. 6(E) that "* * * upon a showing that grounds may exist for a motion to dismiss the indictment because of matters occurring before the grand jury," the trial court may permit such inspection.

In his brief in support of the motion submitted to the trial court, appellant stated that, because of possible defects in the presentation of evidence to the grand jury, he should be granted the motion. The defense at no time furnished the trial court with specific reasons for suspecting errors in the grand jury proceedings. Thus, it is abundantly clear that the defense failed to demonstrate a particularized need. Paragraph three of the syllabus in *State* v. *Morris* (1975), 42 Ohio St. 2d 307, certiorari denied 423 U. S. 1049. The trial court exercised proper discretion in denying appellant's motion.

Appellant's eighth proposition of law is overruled.

Appellant, in proposition of law No. 9, claims that it was reversible error for the trial court to consolidate offenses charged in separate indictments into one indictment upon motion of the prosecution.

The appellant was originally indicted for aggravated murder while committing or attempting to commit kidnapping. Subsequently, because of newly discovered evidence, appellant was indicted for aggravated murder while committing or attempting to commit rape. Upon motion of the prosecution, the trial court consolidated the aggravated murder charge containing the specification of rape into the original indictment.

The court finds no error. It is clearly within the dis-

cretion of the trial court to amend an original indictment under Crim. R. 7(D) where the offenses consolidated are part of a course of criminal conduct (Crim. R. 8), a situation present in the instant cause.

Appellant's ninth proposition of law is without merit.

In proposition of law No. 10, appellant contends that he was entitled to a private investigator at state expense to assist in preparing the case. The record reflects that, upon motions by the defense requesting both a continuance and the appointment of an investigator, filed on June 5. 1974, appellant was granted a continuance from the original trial date of June 10, 1974, to July 1, 1974. By granting the continuance, the trial court provided adequate time for the appellant to prepare his case. We find, therefore, no abuse of discretion on the part of the trial court in denying in part the appellant's motion.

In propositions of law Nos. 11, 13 and 14, the appellant claims that the trial court failed to provide adequate reasons for overruling his motions to suppress evidence, that he was constitutionally entitled to have a disinterested magistrate decide on these motions, and that, in any event, the trial court committed reversible error in denying the motions.

On May 31, 1974, appellant filed motions requesting the court to suppress all statements, whether oral or written, made by the defendant to law enforcement agencies, as well as all evidence seized as a result of an allegedly illegal search of the defendant's automobile and, or, house. Having conducted a special hearing on the motions, the trial court denied the motions, finding that appellant had failed to file them within the proper time period.

The record reflects that the statements made by the appellant to the police authorities occurred on February 17 and 18, 1974, that the allegedly illegal search conducted pursuant to a search warrant issued by the trial judge took place on February 19, 1974, and that the defense represented defendant since at least February 22, 1974.

The trial judge adequately placed in the record his

reasons for denying appellant's motion to suppress. Furthermore, in ruling on the motions, the trial judge was not required to disqualify himself simply because he was the one who originally issued the search warrant under attack. See *Peaper* v. *State* (1972), 14 Md. App. 201, 286 A. 2d 176, certiorari denied 409 U. S. 987; *State, ex rel. French,* v. *Hendricks Superior Court* (1969), 252 Ind. 213, 247 N. E. 2d 519, 525.

In support of his proposition that the trial court improperly overruled his motions to suppress evidence, appellant contends that Crim. R. 12(C), which prescribes the proper time limits for filing pretrial motions, should not apply in the instant cause where the results of a laboratory report furnished the appellant on June 4, 1974, disclosed that the prosecution found an additional piece of evidence discovered during the search linking the defendant to the crime.

With respect to the alleged illegal search, it is immaterial that the prosecution planned to use at trial newly discovered evidence which was initially obtained from the search in question, since appellant's motion challenged the validity of the search itself, and not the admissibility of the newly discovered evidence. Furthermore, it is clear that the appellant had adequate time under Crim. R. 12 (C) to file a motion to suppress evidence of statements made to the police. Under Crim. R. 12(C), appellant waived any error, and the trial court did not abuse its discretion in denying appellant relief.

Appellant's eleventh, thirteenth, and fourteenth propositions of law are therefore overruled.

In proposition of law No. 12, appellant avers reversible error on the part of the trial court in overruling his objections concerning the admissibility of testimony provided by four prosecution witnesses concerning certain exculpatory statements made to them by appellant. Appellant contends that written summaries of these oral statements were not properly provided the defense through discovery under Crim. R. 16(B)(1)(a).

The record reveals that the prosecution did not provide these written summaries to the defense before trial because it originally did not plan to call the officers as witnesses. However, upon deciding otherwise after commencement of trial, the prosecution promptly furnished copies of the statements to the defense.

Although the prosecution under Crim. R. 16(B)(1) (a)(ii) should have provided written summaries of any oral statements made by the accused to the police authorities (see *United States* v. *Joslyn* [D. C. Ariz. 1974], 371 F. Supp. 423, construing a similar provision in the Federal Rules), this court finds that there was no prejudicial error to warrant a reversal. Testimony by these police officers concerning the defendant's denial of guilt or his explanation with regard to the events occurring on the afternoon of February 16, 1974, was not determinative of the outcome of the case, since several of the witnesses provided similar testimony with respect to the appellant's version of the facts.

Appellant's proposition of law No. 12 is overruled.

In proposition of law No. 15, appellant contends that the trial court committed reversible error in its instructions to the jury by failing to charge on the lesser included offense of involuntary manslaughter (R. C. 2903.04), by including in its charge on aggravated murder the element of proximate cause, and by failing to instruct that the attempted rape had to occur at the time of the alleged murder, or that abandonment is a defense to the crime of an attempted rape.

With respect to the trial court's failure to charge on the lesser included offense of involuntary manslaughter, this court has held that failure of a court to charge on a lesser included offense is not error where there is no evidence tending to show commission of the lesser included offense. Paragraph four of the syllabus in *State* v. *Hill* (1967), 12 Ohio St. 2d 88. Such an approach prevents confronting the trier of fact with the choice of reaching an unreasonable conclusion and protects the state's interest

in guarding against speculative verdicts. *State* v. *Nolton* (1969), 19 Ohio St. 2d 133, 134.

In the instant cause, because the record reveals no evidence tending to show that the appellant did not purposely intend to commit the crimes of kidnapping and attempted rape, there was no error on the part of the trial court in refusing to charge on the lesser included offense of involuntary manslaughter.

With respect to the trial court's charge on aggravated murder, the court finds no prejudicial error on the part of the trial court in instructing the jury on causation, since such factor is clearly an element of the crime of aggravated murder (R. C. 2903.01[B]).

Appellant's contention that the trial court failed to instruct the jury that the attempt had to occur at the time of the murder does not merit consideration since the appellant did not object to the jury instruction with respect to this issue at the trial level, as required under Crim. R. 30.

Concerning appellant's contention that the trial court committed reversible error in failing to instruct the jury that abandonment is a defense to the crime of attempted rape, we find no error.

As succinctly stated in *People* v. *Carter* (1925), 73 Cal. App. 495, 238 P. 1059, 1060:

"There can be no doubt that mere intent by a single individual to commit a crime is not sufficient to amount to a criminal act. However, it is also unquestionable that after the intent has been formed, and such intent has been coupled with an overt act toward the commission of the contemplated offense, the abandonment of the criminal purpose will not constitute a defense to a charge of attempting to commit a crime."

See, also, *Mahoney* v. *Warden* (1965), 237 Md. 659, 207 A. 2d 478; *State* v. *Thomas* (Mo. 1969), 438 S. W. 2d 441; 22 Corpus Juris Secundum 235, Criminal Law, Section 76 (1961).

In the instant cause, chemical tests conducted on the

victim's clothing as well as testimony concerning the condition of her clothing at the scene of the murder, overwhelmingly indicate that the appellant's acts were overt. Since abandonment was not a defense, the accused was not entitled to an instruction on the issue. *State* v. *Linder* (1907), 76 Ohio St. 463; *Bandy* v. *State* (1921), 102 Ohio St. 384.

Proposition of law No. 15 is overruled.

In propositions of law Nos. 16 and 19, appellant contends that the prosecution failed to prove that the accused committed aggravated murder while kidnapping and attempting to commit rape, and that, therefore, the findings and judgment were against the manifest weight of the evidence.

With respect to the specification of kidnapping, the court notes that the appellant, in his brief to this court, did not explain in what ways the evidence was insufficient to demonstrate commission of the crime of kidnapping under R. C. 2905.01(A), but rather, merely cited the above statute and declared that the record was silent as to proof beyond a reasonable doubt of the specification. In carefully reviewing the evidence, we find that it overwhelmingly supports the jury finding that appellant abducted a 12-year-old girl to engage in sexual activity.

Appellant contends that the prosecution failed to prove that the accused committed aggravated murder while attempting to commit rape, since the alleged attempt took place in the accused's automobile, located approximately 1200 feet from the scene of the murder.

R. C. 2903.01(B) provides, in part:

"No person shall purposely cause the death of another while committing or attempting to commit * * * rape * * *."

The term "while" does not indicate, as appellant contends, that the killing must occur at the same instant as the attempted rape, or that the killing must have been caused by the attempt, but rather, indicates that the killing must be directly associated with the attempted rape as

part of one continuous occurrence, a situation present in the instant cause. See *Conrad* v. *State* (1906), 75 Ohio St. 52, 68 (decided under R. S. 6808), which employed in its felony murder rule the phrase "in the perpetration" of; *Commonwealth* v. *Tarver* (Mass. 1975), 345 N. E. 2d 671; *People* v. *Medina* (1974), 41 Cal. App. 3d 438, 116 Cal. Rptr. 133; 2 Wharton's Criminal Law & Procedure 544-545 (1957).

Appellant's propositions of law Nos. 16 and 19 are therefore rejected.

In proposition of law No. 17, appellant contends that it was reversible error to allow inculpatory exhibits to be taken into the jury room and considered by the jury when such exhibits were never received in evidence.

Exhibits 56 through 58 and 60 through 63 were photographs of the scene of the crime, and exhibits 64 through 67 were, respectively, the search warrant, an envelope of cloth fibers, a list of items recovered from appellant's car, and a supplementary report made by a sheriff's deputy after appellant's arraignment. Nowhere does the record indicate that the exhibits were taken into the jury room during trial.

Clearly, the error of the trial court in not formally admitting the above exhibits in evidence was harmless, since all these exhibits were merely cumulative in nature.

This court overrules appellant's seventeenth proposition of law.

Appellant contends in proposition of law No. 18 that the trial court committed prejudical error in refusing to grant appellant, under Crim. R. 16(B)(1)(g), an "in camera" inspection of prior written and recorded statements made by five prosecution witnesses. (*State* v. *White* [1968], 15 Ohio St. 2d 146.)

The record reflects that during the cross-examination of four of these witnesses, the defense requested to see copies of statements which the witnesses indicated they had made to the police before trial. Discussion off the record was had before the bench, whereupon cross-examination of

the witnesses continued. During the cross-examination of the fifth witness, the defense took exception to the fact that the court failed to provide a copy of this witness' statement.

Nowhere does the record demonstrate that the court denied the defense an in camera inspection of any of the witnesses' statements, since, in fact, the defense never requested such procedure; nor is there any indication that the trial court denied appellant's request to see the statements at issue.

Appellant's eighteenth proposition of law is therefore overruled.

In proposition of law No. 21, appellant contends that at the mitigation hearing it was established by a preponderance of the evidence that Rebecca Sue Gilhausen induced and facilitated the crime of kidnapping and attempted rape.

During the mitigation hearing, appellant testified under affirmation that the girl voluntarily entered his automobile at Recreation Park and attempted sexual contact. No rebuttal evidence was presented by the prosecution. Appellant reasons that, because the age of the victim is immaterial in terms of finding the mitigating circumstances of inducement under R. C. 2929.04(A)(1), and since the prosecution introduced no evidence at the mitigation hearing to rebut appellant's testimony regarding Rebecca's supposed willingness to accompany him, the trial court erred in imposing the death sentence.

The jury findings of kidnapping and attempted rape, because they are based on the conclusive presumption involving the age of the victim (2905.01[A] and 2907.02[3]), are not necessarily conclusive with respect to the trial court's determination at the mitigation hearing of whether the victim induced or facilitated the crime. However, we find no reversible error in the instant cause on the part of the trial court in not finding the mitigating circumstances of inducement.

The manner in which Rebecca was killed, and the con-

dition of her body at the scene of the crime, militates against any finding of voluntary action on her part. Appellant's claims at the mitigation hearing as to what had occurred at Recreation Park were unsubstantiated. Furthermore, his many versions of what took place between himself and the victim cast serious doubt as to his credibility. The age of the victim, although not conclusive of Rebecca being forced or compelled to act, is strong evidence tending to negate inducement on her part.

Proposition of law No. 21 is rejected.

In proposition of law No. 22, appellant contends that he was denied due process and equal protection of the law in that he was denied the right to a speedy appeal guaranteed under the Sixth Amendment to the United States Constitution and Article I, Section 10 of the Ohio Constitution. Apparently, the court reporter for Lake County did not complete preparation of the trial transcript for the appellate court until 20 months after appellant filed his notice of appeal.

Appellant's reliance on the above constitutional provisions guaranteeing the right to a speedy trial is misplaced, since those provisions have no application to appellate review proceedings as in this cause where the accused has already been convicted of the offense. *State* v. *Lagerquist* (1970), 254 S. C. 501, 176 S. E. 2d 141, certiorari denied in 401 U. S. 937; *Cunningham* v. *State* (Tex. Crim. App. 1972), 484 S. W. 2d 906; see, also, footnote 4 in *Harrison* v. *United States* (1968), 392 U. S. 219, 221.

We therefore overrule appellant's twenty-second proposition of law.

The judgment and sentence of the Court of Appeals is therefore affirmed.

*Judgment affirmed.*

O'Neill, C. J., Herbert, Celebrezze, W. Brown, P. Brown, Sweeney and Locher, JJ., concur.