OPINION
This is an appeal from the Lake County Court of Common Pleas. Appellant, Jim Willie Cooper, Jr., appeals from the judgment dismissing his petition for postconviction relief because of untimeliness.
In 1974, appellant was indicted on a charge of aggravated murder, R.C. 2903.01(B), with specifications that the offense was committed during a kidnapping, R.C. 2941.14 and that the offense was committed while attempting an act of rape, R.C. 2929.04(A)(7). After a jury verdict of guilty, on July 18, 1974, appellant was found guilty of aggravated murder with two specifications of aggravating circumstances. On September 4, 1974, the trial court sentenced appellant to death. Appellant's conviction was affirmed by this court, State v. Cooper (Feb. 18, 1975), Lake App. No. 5-066, unreported, and by the Supreme Court of Ohio, State v.Cooper (1977), 52 Ohio St.2d 163. In a judgment entry filed on August 18, 1978, the Supreme Court of Ohio reduced appellant's sentence from death to life imprisonment.
Appellant filed a petition for postconviction relief on October 5, 1988, alleging numerous bases of ineffective assistance of counsel. In a judgment entry filed on November 10, 1988, the trial court dismissed appellant's petition, holding that appellant's claims were previously raised, and, therefore, were barred by res judicata. Although appellant appealed from the dismissal of this petition, his appeal was dismissed by this court on April 3, 1989, for failure to prosecute the appeal.
On October 11, 1996, appellant filed a second petition for postconviction relief, alleging several claims of ineffective assistance of counsel, prosecutorial misconduct, and misconduct by the trial judge. Appellee subsequently filed a motion to dismiss appellant's petition because it was untimely, and appellant never filed a response to appellee's motion. In a judgment entry filed on May 8, 1997, the trial court dismissed appellant's petition because it was not timely filed.
On May 8, 1997, appellant filed a motion for relief from judgment pursuant to Civ.R. 60(B), asserting that he never received appellee's motion to dismiss his petition; thus, he did not have an adequate opportunity to respond to the motion. In a judgment entry filed on June 4, 1997, the trial court granted appellant's motion for relief from judgment, and permitted appellant's counsel thirty days to file a response to appellee's motion to dismiss. Also, on June 11, 1997, appellant filed a motion for a warrant to convey him to the Lake County Jail for a conference with counsel, which was overruled by the trial court on June 17, 1997.
Additionally, on June 30, 1997, appellant filed a supplemental petition for postconviction relief, alleging that: (1) his petition was timely filed; (2) he was entitled to relief; and (3) the court should hold an evidential hearing regarding his allegations. After appellee filed a response to appellant's supplemental petition, the trial court overruled appellant's petition, on the basis of untimeliness, in a judgment entry filed on October 9, 1997. Appellant timely appealed, and now asserts the following assignments of error:
 "[1.] The trial court erred, to the prejudice of the defendant-appellant, by finding that defendant-appellant's petition for post-conviction relief was not filed in a timely manner.
 "[2.] The trial court erred, to the prejudice of the defendant-appellant, by failing to conduct a hearing regarding the defendant-appellant's petition for post-conviction relief.
 "[3.] The trial court erred, to the prejudice of the defendant-appellant, by failing to convey him so as to enable defendant-appellant to meet with his court appointed attorney."
In the first assignment of error, appellant contends that his petition for postconviction relief was timely filed. R.C.2953.21(A)(2), effective September 21, 1995, states:
 "A petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication or the date on which the trial transcript is filed in the supreme court if the direct appeal involves a sentence of death. If no appeal is taken, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal."
Moreover, Section 3 of Senate Bill 4, amending R.C. 2953.21, includes the following savings language:
 "A person who seeks postconviction relief pursuant to sections 2953.21 through 2953.23 of the Revised Code with respect to a case in which sentence was imposed prior to the effective date of this act * * * shall file a petition within the time required in division (A)(2) of section 2953.21 of the Revised Code, as amended by this act, or within one year from the effective date of this act, whichever is later." Quoted in State v. Broome (Sept. 12, 1997), Geauga App. No. 96-G-2021, unreported, at 4.
In the present case, since the time for appellant's direct appeal has long since passed, appellant must have filed his petition within one year of the effective date of the amended R.C.2953.21(A)(2), September 23, 1996.[1] However, in the present case, appellant filed his petition on October 11, 1996, which was eighteen days after the deadline for the filing of the petition. Accordingly, appellant did not timely file his petition for postconviction relief.
However, appellant asserts that this filing requirement should not be applied to render his petition untimely because he substantially complied with the filing deadline, and the serious substantive due process concerns raised in his petition outweigh the issue of timeliness. Yet, neither of these assertions outweighs the filing deadline. First, appellant's first petition for postconviction relief was dismissed in 1988; thus, he had several years, a more than ample amount of time, to refile another petition for postconviction relief, which he failed to accomplish in a timely manner. Second, appellant has had numerous courts review his conviction, as this court and the Supreme Court of Ohio affirmed his conviction on direct appeal. Additionally, the trial court dismissed a prior petition for postconviction relief on the basis of res judicata. Accordingly, the trial court properly dismissed appellant's petition on the basis of timeliness. Appellant's first assignment of error is without merit.
In the second assignment of error, appellant contends that the trial court erred in failing to conduct a hearing in regard to his petition. This assertion is patently without merit because it presumes that his petition was timely filed. Second, appellant's claims for postconviction relief are substantively without merit. In order to be entitled to a hearing, appellant must demonstrate there are substantive grounds for relief, based upon the affidavits before the court and the trial court record. State v.Guerriero (Sept. 26, 1997), Ashtabula App. No. 96-A-0078, unreported, at 4. In the present case, appellant has not provided any evidential material dehors the record that show that he would have been entitled to relief. Moreover, his claims of prosecutorial misconduct are barred by res judicata because they could have been raised on direct appeal. See State v. Szefcyk
(1996), 77 Ohio St.3d 93, syllabus. In summary, appellant's second assignment of error is not well-founded.
In the third assignment of error, appellant argues that the trial court erred in failing to convey him to the Lake County Jail to permit him to confer with counsel. Again, this assertion is predicated upon the assumption that appellant timely filed his petition. However, by the time that appellant requested to confer with counsel, his petition had failed to meet the deadline of September 23, 1996. Additionally, the record does not indicate that appellant was denied all opportunity to confer with his counsel, but instead the court did not permit the meeting to occur at the place of choice of appellant and his counsel. As noted by appellee, the record does not contain any evidence that indicates that appellant was denied the opportunity to confer with counsel by telephone or letter. Thus, appellant's third assignment of error is without merit.
For the foregoing reasons, appellant's assignments of error are not well-taken. The judgment of the trial court is affirmed. _________________________________ PRESIDING JUDGE DONALD R. FORD
CHRISTLEY, J.,
O'NEILL, J., concur.
[1] The deadline for filing petition is September 23, 1996, rather than September 21, 1996, because September 21, 1996, was a Saturday. September 23 was the following Monday.