OPINION
Appellant McKinley Jewell appeals his conviction for conspiracy to commit murder from the Richland County Court of Common Pleas. The following facts give rise to this appeal. On September 14, 1998, the Richland County Grand Jury indicted appellant on one count of conspiracy to commit murder. The intended victim of this plot was Fred Chamberlin. The murder was to occur in Kentucky. Apparently, appellant had an affair with Chamberlin's wife, Faye Chamberlin. Tr. at 450. This matter proceeded to trial on December 10, 1998. At trial, two co-conspirators testified. Marvin Thompson testified that appellant wanted to hire someone to "kick somebody's ass." Id. at 200-201. In response to appellant's request, Marvin Thompson contacted Gale Keeton, on appellant's behalf, to make the necessary arrangements. Thompson arranged a meeting between appellant and Keeton. At trial, Gale Keeton testified that appellant told him there was someone he knew who had a problem with somebody in Kentucky and "* * * wanted somebody to do something to him." Id. at 223. Keeton testified that he never intended to carry out appellant's wishes, he just planned on keeping the $5,000 appellant gave to him to do the job. Id. at 229. Keeton admitted, at trial, that he was presently being charged with another felony and that the charge would be dismissed if he provided information that led to an indictment for a first or second degree felony. Id. at 220. Keeton also admitted the federal court agreed not to find a parole violation if he made this agreement. Id. Appellant claims he gave Keeton $5,000 to purchase "high-priced" coon dogs. Id. at 425. Following deliberations, the jury found appellant guilty as charged in the indictment. The trial court sentenced appellant to eight years incarceration. Appellant timely filed a notice of appeal and sets forth the following assignments of error for our consideration:
I. THE COURT COMMITTED PLAIN ERROR BY REFUSING TO INSTRUCT THE JURY ON THE AFFIRMATIVE DEFENSE OF ABANDONMENT.
II. THE TRIAL COURT COMMITTED PLAIN ERROR IN FAILING TO PROPERLY INSTRUCT THE JURY ON ACCOMPLICE TESTIMONY.
III. THE TRIAL COURT COMMITTED PLAIN ERROR IN REFUSING TO INSTRUCT THE JURY ON LESSER INCLUDED OFFENSE OF CONSPIRACY TO COMMIT ASSAULT.
IV. THE DEFENDANT/APPELLANT FAILED TO GET A FAIR TRIAL BECAUSE HIS COUNSEL WAS INEFFECTIVE.
 I
Appellant contends, in his First Assignment of Error, that the trial court erred when it refused to instruct the jury on the affirmative defense of abandonment. We disagree. R.C. 2923.01 sets forth affirmative defenses and provides, in pertinent part: The following are affirmative defenses to a charge of conspiracy:
* * *
 (2) After conspiring to commit an offense, the actor abandoned the conspiracy prior to the commission of or attempt to commit any offense that was the object of the conspiracy, either by advising all other conspirators of the actor's abandonment, or by informing any law enforcement authority of the existence of the conspiracy and of the actor's participation in the conspiracy.
Defense counsel requested the trial court to instruct the jury on the affirmative defense of abandonment. The trial court denied defense counsel's request finding appellant's denial of a conspiracy to murder precluded an instruction on abandonment. Tr. at 496-497. "[T]he courts of this state have held that the defendant's repudiation of criminal intent must be unequivocal before an instruction on abandonment will be warranted." State v. Brumley (March 29, 1996), Portage App. No. 89-P-2092, unreported, at 36. Appellant argues the taped conversations he had with the informant and Keeton's girlfriend establishes his intent to abandon the conspiracy. The record indicates, at trial, appellant denied the existence of a conspiracy to murder. "* * * [A]n accused is not entitled to an instruction on voluntary abandonment unless such was the defense at trial." State v. Porter (Aug. 14, 1995), Stark App. No. 1995CA00055, unreported at 3, citing State v. Cooper (1977), 52 Ohio St.2d 163, 179. The trial court correctly determined not to instruct on the affirmative defense of abandonment on the basis that, at trial, appellant denied the existence of a conspiracy to murder. Appellant's First Assignment of Error is overruled.
 II
In his Second Assignment of Error, appellant contends the trial court erred in failing to properly instruct the jury on accomplice testimony. We disagree. Crim.R. 30 provides that a party must object to an omission in the trial court's jury instructions in order to preserve the error for appeal. The failure to request an instruction constitutes a waiver of the right to appeal from the lack of the instruction, absent a showing of plain error. State v. Keenan (1998), 81 Ohio St.3d 133, 151, citing State v. Williford (1990), 49 Ohio St.3d 247, 251. Plain error is not present under "* * * Crim.R. 52(B), unless, but for the error, the outcome of the trial clearly would have been otherwise." State v. Long (1978), 53 Ohio St.2d 91, paragraph two of the syllabus. "Notice of plain error under Crim.R. 52(B) is to be taken with the utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice." Id. at paragraph three of the syllabus. The record indicates the trial court gave the jury the following instruction, in pertinent part, concerning accomplice testimony: "The testimony of a person you find to be an accomplice should be viewed with grave suspicion and weighed with great caution." Tr. at 538. Defense counsel did not object to this instruction. Appellant argues the trial court should have given the following instruction, contained in Ohio Jury Instructions.: (B) The testimony of an accomplice that is supported by other evidence does not become inadmissable because of his complicity, moral turpitude, or self-interest, but the admitted or claimed complicity of a witness may affect his credibility and make his testimony subject to grave suspicion, and require that it be weighed with great caution. * * * 4 Ohio Jury Instructions (1997), Section 405.41 at 45.
This section of Ohio Jury Instructions sets forth two alternative instructions concerning the testimony of an accomplice. Appellant is concerned because the trial court's instruction to the jury did not include the words "moral turpitude" or "self-interest." However, those words are used in the second alternative instruction. The record indicates the trial court decided to instruct the jury on the first alternative instruction. As such, the trial court was not required to use words contained in the second alternative instruction. Accordingly, we find the trial court properly instructed the jury on accomplice testimony and appellant has failed to establish the outcome of his trial clearly would have been otherwise had the trial court used the second alternative instruction. Appellant's Second Assignment of Error is overruled.
 III
In his Third Assignment of Error, appellant contends the trial court erred by not instructing the jury on the lesser included offense of conspiracy to commit assault. We disagree. It appears from the record that defense counsel did not request this instruction. Accordingly, we also review this assignment of error under a plain error analysis. Appellant argues the evidence at trial established that appellant only wanted Chamberlin assaulted and not killed. Under a plain error analysis, we do not find the outcome of the trial clearly would have been otherwise had the trial court instructed the jury on the lesser included offense of conspiracy to commit assault. Our review of the record indicates the state presented sufficient evidence to find appellant guilty of conspiracy to commit murder.
Appellant's Third Assignment of Error is overruled.
 IV
In his final assignment of error, appellant contends he was denied effective assistance of counsel because defense counsel failed to object to the accomplice jury instruction and failed to request an instruction on the lesser included offense of conspiracy to commit assault. We disagree. The standard for reviewing claims for ineffective assistance of counsel was set forth in Strickland v. Washington (1984), 466 U.S. 668. Ohio adopted this standard in the case of State v. Bradley (1989), 42 Ohio St.3d 136. These cases require a two-prong analysis in reviewing a claim for ineffective assistance of counsel. First, we must determine whether counsel's assistance was ineffective. Whether counsel's performance fell below an objective standard of reasonable representation and violative of any of his essential duties to the client. In determining whether counsel's representation fell below an objective standard of reasonableness, judicial scrutiny of counsel's performance must be highly deferential. Id. at 142. Because of the difficulties inherent in determining whether effective assistance of counsel was rendered in any given case, a strong presumption exists counsel's conduct fell within the wide range of reasonable, professional assistance. Id. If we find ineffective assistance of counsel, we must then determine whether or not the defense was actually prejudiced by counsel's ineffectiveness such that the reliability of the outcome of the trial is suspect. This requires a showing that there is a reasonable probability that but for counsel's unprofessional error, the outcome of the trial would have been different. "Prejudice from defective representation sufficient to justify reversal of a conviction exists only where the result of the trial was unreliable or the proceeding fundamentally unfair because of the performance of trial counsel." State v. Carter (1995),72 Ohio St.3d 545, 558, citing Lockhart v. Fretwell (1993),506 U.S. 364. It is based on this standard that we review appellant's Third Assignment of Error. In appellant's Second Assignment of Error, we determined the trial court properly instructed the jury on the use of accomplice testimony. We also determined in appellant's Third Assignment of Error that appellant was not entitled to a jury instruction on conspiracy to commit assault pursuant to the Thomas case. As such, we conclude appellant is unable to establish the prejudice prong of the test for ineffective assistance of counsel. Appellant's Fourth Assignment of Error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Richland County, Ohio, is hereby affirmed.
By: Wise, P.J. Gwin, J., and Farmer, J., concur.