JOURNAL ENTRY AND OPINION
Defendant, Kent L. King, appeals from his conviction of two counts of felonious assault in violation of R.C. 2903.11, one count for willfully fleeing a police officer while causing a substantial risk of serious physical harm, pursuant to R.C. 2921.331, and one count for possession of cocaine in violation of R.C. 2925.11. For the reasons set forth, we affirm this conviction.
The appellant, Mr. King, and the victim, Ms. Johnson, resided together in an apartment on Van Aken Boulevard until Ms. Johnson moved out in May of 1999. While separated, they continued to see each other.
On May 16, 1999, Mitchell Evans and his partner, Valentine Pully, were security guards working at the victim's apartment complex. At that time, they encountered the victim, Ms. Johnson, running from her apartment in a state of distress. The officers observed that the victim's jaw appeared swollen. The officers then accompanied the victim back to her apartment where they observed blood stains on the apartment walls and rugs. The appellant was present in the apartment and admitted to striking the victim the night before. The security guards then escorted the appellant off the premises. The victim later received medical care for her injury, a broken jaw.
On May 17, 1999, Ms. Johnson filed a police report against the appellant with the Warrensville Heights Police Department.
In the early morning of May 18th, police were dispatched to Ms. Johnson's residence. Officers were responding to an eye witness report that someone was vandalizing a car. Lieutenant Michael Mier and Officer Dennis Fossett of the Warrensville Heights Police Department arrived on the scene. As Officer Fossett proceeded toward the scene, he witnessed the appellant fleeing the scene in his white Lincoln. The officer relayed the description of appellant's automobile to his partner, Lieutenant Mier, who immediately attempted to block the appellant's car with his cruiser. The appellant then drove toward the police cruiser forcing the Lieutenant to move out of the way for his own safety.
The police officers then engaged in a car chase with the appellant. During the car chase, the appellant pulled over to the side of the road and fled into the woods. A police K-9 unit was eventually called and the appellant was apprehended. At the time of the arrest, the appellant was found in possession of cocaine.
On December 8, 1999, Mr. King waived his right to a jury trial. On December 9, 1999, a bench trial was commenced. The trial court found the appellant, Kent L. King, guilty on all four counts of the indictment. The appellant was sentenced to concurrent sentences of three years on count one, a felony of the second degree; three years on count two, a felony of the first degree, and six months on counts three and four, a felony of the third degree and a felony of the fifth degree, respectively. Mr. King filed a timely notice of appeal assigning the following error:
 THE DEFENDANT WAS DENIED HIS CONSTITUTIONAL RIGHT TO A FAIR TRIAL DUE TO PROSECUTORIAL MISCONDUCT WHEN THE PROSECUTOR IMPROPERLY EXPRESSED HER PERSONAL OPINION AS TO THE CREDIBILITY OF THE ALLEGED VICTIM.
In appellant's sole assignment of error, he alleges that the prosecutor improperly commented as to her belief of the victim's credibility and that those comments directly lead to the appellant's conviction. The appellant further contends that in the absence of those comments, the court would have rendered its decision differently. The appellant's argument is based on the statement of the prosecutor, Ms. Clancy, made during closing arguments of the bench trial. The prosecutor stated:
 * * * She was in fear of her life, was afraid to leave that day, she told you that she had been drinking and doing some drugs, she did not come up here and lie to you at any time.
Generally, the conduct of a prosecuting attorney at trial shall not be grounds for reversal unless the conduct leads to the defendant being deprived of a fair trial. State v. Apanovitch (1987), 33 Ohio St.3d 19,514 N.E.2d 394. In regard to closing arguments, both prosecuting attorney and defense counsel are afforded a certain degree of latitude in their presentation of the evidence and those inferences that can be drawn. State v. Stephens (1970), 24 Ohio St.2d 76, 263 N.E.2d 773. Also State v. Cooper (1977), 52 Ohio St.2d 163, 370 N.E.2d 725. In State v. Smith (1984) 14 Ohio St.3d 13, 470 N.E.2d 883, the Supreme Court of Ohio stated:
 A prosecutor is at the liberty to prosecute with earnestness and vigor, striking hard blows, but may not strike foul ones. Berger v. United States (1935), 295 U.S. 78, 88. * * * the test regarding prosecutorial misconduct in closing arguments is whether the remarks were improper and, if so, whether they prejudicially affected substantial rights of the defendant. Id. at 14.
To determine if prosecutorial misconduct occurred, the closing argument must be viewed in its entirety to determine if the comments made were in fact prejudicial toward the rights of the defendant. State v. Moritz (1980), 63 Ohio St.2d 150, 157, 407 N.E.2d 1268.
Furthermore, the Court in Smith, supra, stated:
 It is not enough that there be sufficient other evidence to sustain a conviction in order to excuse the prosecution's improper remarks. Instead, it must be clear beyond a reasonable doubt that, absent the prosecution's comments, the jury would have found defendant guilty. United States v. Hasting (1983), 76 L.Ed.2d 96, 107.
The situation at bar differs slightly in comparison because, in this case, the defendant waived his right to trial by jury and instead proceeded with a bench trial. In a bench trial, the trial court is presumed to rely on only relevant, material evidence in arriving at its judgment. State v. Williams, 2000 Ohio App. Lexis 4767, 4, citing State v. Lane, 108 Ohio App.3d at 484, citing, State v. Richey (1992),64 Ohio St.3d 353, 357-358, 595 N.E.2d 915. Here, the court heard evidence about the troublesome relationship between the victim and appellant, the arguments and the ensuing fight that occurred which lead to the fractured jaw of the victim. The Court heard testimony of the security officer that the appellant admitted to hitting the victim. Further, testimony of the police officers regarding the police report filed on the appellant's first assault and the testimony of those officers involved in the events that occurred on May 18, 1999 was presented to the court.
After a review of the totality of the record in this matter, we conclude that it is clear beyond a reasonable doubt that, even in the absence of the prosecutor's comments made during closing arguments as to the credibility of the victim, the court would have found the appellant guilty. Therefore, the appellant's sole assignment of error is overruled. Appellant's conviction is affirmed.
Further, this Court, upon review, takes notice, pursuant to Crim.R. 52(2), of plain error which occurred in the trial court's sentencing. Therefore, this case is affirmed in part, the sentence is vacated and the case is remanded solely for resentencing.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for resentencing and execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
KENNETH A. ROCCO, P.J. CONCURS, JAMES D. SWEENEY, J. CONCURS