[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
{¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12 and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
{¶ 2} Defendant-appellant Donald Diederich was found guilty by a jury of trafficking in marijuana in an amount equal to or exceeding 20,000 grams, in violation of R.C. 2925.03(A). His first and second assignments of error allege that the trial court erred in admitting evidence of Diederich's prior "bad acts" and in failing to grant Diederich's motion for a mistrial based upon the admission of the "bad acts" evidence.
{¶ 3} Evid.R. 404(B) prohibits the admission of evidence of other crimes, wrongs or acts to prove the character of the defendant to show that he acted in conformity with his criminal past. However, such evidence is admissible pursuant to Evid.R. 404(B) and R.C. 2945.59 to prove the defendant's scheme, plan or system in committing the crime.
{¶ 4} "The `scheme, plan or system' provision contained within R.C. 2945.59 permits the introduction in evidence of testimony concerning other acts which form part of the immediate background of the alleged act which forms the foundation of the crime charged in the indictment." Statev. Wilkerson (1980), 64 Ohio St.2d 308, 415 N.E.2d 261, paragraph two of the syllabus. Where the defendant's plan or scheme is in issue, evidence that forms the background of the charged crime may be used to provide the context in which the crime occurred. See id.; State v. Hill (1987)37 Ohio App.3d 72, 523 N.E.2d 894. Permissible purposes for the use of "other acts" evidence include using the evidence to show that the defendant was involved in a drug-dealing operation. See State v.Dominguez (Jan. 29, 1999), 1st Dist. No. C-980148.
{¶ 5} The evidence of Diederich's involvement in drug activity was not used to show his conforming character. The evidence was properly introduced to show the circumstances surrounding the crime and the relationship of the individuals involved. See State v. White (June 25, 1997), 1st Dist. No. C-960506. "The evidence gave the jury a complete picture of what had occurred." See id. The jury must know the full background and setting of the case because it cannot be expected to make its decision in a void, without knowledge of the circumstances of the acts that form the basis of the charged crime. See State v. Wilkinson, supra; State v. Duncan (1998), 130 Ohio App.3d 77, 719 N.E.2d 608; Statev. Scott (June 25, 1997), 1st Dist. No. C-960557.
{¶ 6} The evidence in the instant case was not introduced to show Diederich's propensity to deal drugs. The evidence was introduced to give the jury an understanding of the background of the crime and the relationships between Diederich and the other individuals involved. We hold that the trial court did not err in admitting the evidence or in denying Diederich's motion for a mistrial. The first and second assignments of error are overruled.
{¶ 7} Diederich's third and fourth assignments of error, which allege that the trial court erred in qualifying the investigating officer as an expert witness and in permitting the officer to testify about the structure of drug-trafficking organizations, are overruled. "A qualified police officer may testify as to the general practices of drug traffickers to demonstrate that the defendant's conduct was consistent with those practices or customs." State v. Mejia (Dec. 8, 2000), 1st Dist No. C-000225; see State v. Armstrong (June 10, 1992), 1st Dist. No. C-910637; State v. Wood (Apr. 29, 1992), 1st Dist. No. C-910529. We hold that the trial court did not err in qualifying the police officer as an expert witness and permitting the officer to testify as to the behavior, slang and general practices of drug traffickers. See State v. Poole, 8th Dist. No. 80250, 2002-Ohio-5326.
{¶ 8} The fifth and sixth assignments of error, alleging that Diederich's conviction was based upon insufficient evidence and against the manifest weight of the evidence, are overruled. The weight to be given the evidence and the credibility of the witnesses are primarily for the trier of fact. See State v. DeHass (1967), 10 Ohio St.2d 230,227 N.E.2d 212. We hold that, after viewing the evidence in a light most favorable to the prosecution, a rational trier of fact could have found the essential elements of trafficking in marijuana had been proven beyond a reasonable doubt. See State v. Jenks (1991), 61 Ohio St.3d 259,574 N.E.2d 492. Further, we hold that the jury did not lose its way and create a manifest miscarriage of justice requiring the reversal of Diederich's conviction. See State v. Thompkins, 78 Ohio St.3d 380,1997-Ohio-52, 678 N.E.2d 541; State v. Martin (1983), 20 Ohio App.3d 172,485 N.E.2d 717.
{¶ 9} Diederich's seventh and eight assignments of error allege that it was plain error for the trial court to fail to instruct the jury on the defense of abandonment and that trial counsel was ineffective for failing to request an abandonment instruction.
{¶ 10} Once the defendant has exhibited the required intent and has performed an overt act toward the commission of the offense, abandonment is no longer a defense. State v. Cooper (1977),52 Ohio St.2d 163, 370 N.E.2d 725. To warrant an instruction on abandonment, there must be evidence that the defendant unequivocally repudiated his criminal intent. See State v. Jewell (Nov. 17, 1999), 5th Dist. No. 99CA01.
{¶ 11} The evidence showed that Diederich "set up" the marijuana sale and then let another finish it. Defense counsel's theory at trial was that Diederich did not have any part in the drug transaction. Under these circumstances, Diederich was not entitled to an instruction on abandonment. See State v. Musgrave (Apr. 24, 2000), 5th Dist No. 98CA10;State v. Porter (Aug. 14, 1995), 5th Dist. No. 1995CA00055. Therefore, the trial court did not err in failing to instruct the jury on abandonment, and trial counsel was not ineffective for failing to request an abandonment instruction. The seventh and eighth assignments of error are overruled.
{¶ 12} Therefore, the judgment of the trial court is affirmed.
{¶ 13} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Hildebrandt and Gorman, JJ.