[Cite as *State v. Moore*, 2016-Ohio-3506.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                    Court of Appeals No. L-15-1211

     Appellee                              Trial Court No. CR0201501750

v.

Sammy Moore                              **DECISION AND JUDGMENT**

     Appellant                             Decided:  June 17, 2016

* * * * *

Julia R. Bates, Lucas County Prosecuting Attorney, and
Dexter L. Phillips, Assistant Prosecuting Attorney, for appellee.

Patricia Horner, for appellant.

* * * * *

**YARBROUGH, J.**

## I.  Introduction

{¶ 1} Appellant, Sammy Moore, appeals the judgment of the Lucas County Court

of Common Pleas, sentencing him to eight years in prison after the court found him guilty

of one count of aggravated robbery.  We affirm.

## A. Facts and Procedural Background

{¶ 2} On May 15, 2015, appellant was indicted on one count of aggravated robbery in violation of R.C. 2911.01(A)(1), a felony of the first degree. The indictment related to a robbery that occurred at a Family Dollar store on April 26, 2015.

{¶ 3} At arraignment, appellant entered a plea of not guilty, and a bench trial was eventually conducted. At trial, the state called several witnesses. Relevant here, the state called a Family Dollar employee, Br.J., to testify.

{¶ 4} Br.J., testified that she was patrolling the aisles in the store on the morning of April 26, 2015, when she witnessed appellant place a can of body spray inside his shirt. Initially, Br.J. asked appellant to give her back what he put inside his shirt, but appellant insisted that he did not steal anything. Br.J. then instructed appellant to leave the store. Appellant refused to leave, insisting that he was entitled to remain in the store. This continued until Br.J. threatened to call the police if appellant did not leave the store. At that point, appellant began walking toward the exit. Once appellant reached the front of the store, he passed through the first exit door, beyond all points of purchase, and stopped in the vestibule. While standing in the vestibule, appellant removed the can of body spray from inside his shirt and gave it to Br.J. Br.J. then demanded that appellant vacate the premises, at which point she turned around and walked back into the store. Ignoring Br.J.'s instruction, appellant followed Br.J. back into the store. When Br.J. accused appellant of possessing other stolen items, appellant pulled a box cutter from his pocket and said, "Bitch, I'll be waiting for you when you get off work." According to

2.

Br.J.'s testimony, appellant's behavior was threatening, causing her to become so scared that she was forced to transfer to a different store. Br.J. responded by dialing 911.

{¶ 5} After calling another Family Dollar employee and several police officers, the state rested. Defense counsel then made a motion for acquittal under Crim.R. 29, which was denied by the trial court. Thereafter, appellant was found guilty of aggravated robbery after failing to call any witnesses of his own. The trial court immediately proceeded to sentencing, and ordered appellant to serve eight years in prison. Thereafter, appellant filed a timely notice of appeal.

### B. Assignment of Error

{¶ 6} On appeal, appellant presents the following assignment of error:

> The state presented insufficient evidence to convict appellant of robbery, in violation of R.C. 2911.02(A)(1).

### II. Analysis

{¶ 7} In his sole assignment of error, appellant argues that there was insufficient evidence presented at trial to support his conviction for aggravated robbery under R.C. 2911.02(A)(1).

{¶ 8} Sufficiency of the evidence is a determination of adequacy and a court must consider whether the evidence was sufficient to support the conviction as a matter of law. *State v. Thompkins*, 78 Ohio St.3d 380, 386, 678 N.E.2d 541 (1997). The proper analysis is "'whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a

3.

reasonable doubt.'" *State v. Williams*, 74 Ohio St.3d 569, 576, 660 N.E.2d 724 (1996), quoting *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus.

{¶ 9} R.C. 2911.02(A)(1) provides:

(A) No person, in attempting or committing a theft offense or in fleeing immediately after the attempt or offense, shall do any of the following:

(1) Have a deadly weapon on or about the offender's person or under the offender's control.

{¶ 10} Here, appellant argues that the state failed to offer sufficient evidence to establish that he (1) committed a theft offense, (2) possessed a deadly weapon, or (3) brandished a weapon within the meaning of R.C. 2911.02. In response, the state contends that sufficient evidence was offered on every element of the offense of aggravated robbery. Because they are interrelated, we will address appellant's second and third arguments simultaneously.

{¶ 11} Relating to appellant's first contention that there was insufficient evidence to establish a theft offense, R.C. 2913.02(A)(1) states:

(A) No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services in any of the following ways:

4.

(1) Without the consent of the owner or person authorized to give consent.

{¶ 12} Under R.C. 2911.02(A)(1), the state was required to introduce evidence to demonstrate that appellant committed *or attempted* to commit a theft offense. The standard for criminal attempt is set forth in R.C. 2923.02(A), as follows: "(A) No person, purposely or knowingly, and when purpose or knowledge is sufficient culpability for the commission of an offense, shall engage in conduct that, if successful, would constitute or result in the offense." Criminal attempt is "an act or omission which constitutes a substantial step in a course of conduct planned to culminate in the party's commission of the crime." *State v. Clyde*, 6th Dist. Erie No. E-14-006, 2015-Ohio-1859, ¶ 24, citing *State v. Woods*, 48 Ohio St.2d 127, 357 N.E.2d 1059 (1976), paragraph one of the syllabus. A substantial step consists of conduct which is "strongly corroborative of the actor's criminal purpose." *Woods* at paragraph one of the syllabus.

{¶ 13} In support of his first argument under his sole assignment of error, appellant argues that he abandoned any attempt at committing a theft offense when he returned the body spray upon request.

{¶ 14} Abandonment is an affirmative defense to a charge of attempted theft under R.C. 2923.02(D), which states: "It is an affirmative defense to a charge under this section that the actor abandoned the actor's effort to commit the offense or otherwise prevented its commission, under circumstances manifesting a complete and voluntary renunciation of the actor's criminal purpose." However, the defense of abandonment

5.

does not apply once criminal intent is formed and "such intent has been coupled with an overt act toward the commission of the contemplated offense." *State v. Cooper*, 52 Ohio St.2d 163, 178, 370 N.E.2d 725 (1977), *vacated in part on other grounds*, 438 U.S. 911, 98 S.Ct. 3137, 57 L.Ed.2d 1157 (1978).

{¶ 15} We previously addressed a similar argument in a case involving attempted theft of store merchandise in *State v. McGhee*, 6th Dist. Lucas No. L-06-1210, 2007-Ohio-6527. There, we held that the defendant's act of leaving a bag of merchandise on the floor after realizing he was being observed by the store manager did not absolve him from liability for an attempted theft offense. *Id.* at ¶ 23. Concerning the defense of abandonment, we concluded that the act of leaving the bag of merchandise on the floor "was not a complete and voluntary renunciation" because the defendant only relinquished control of the bag under threat of immediate apprehension by the store manager. To that end, we stated that "[a]bandonment is involuntary where it is motivated by circumstances not present at the inception of the defendant's conduct which increased the likelihood of detection or apprehension." *Id.*

{¶ 16} Similarly here, we find that the evidence presented at trial demonstrates that appellant's return of the body spray was not a complete and voluntary renunciation of his criminal purpose to commit a theft offense. At trial, Br.J. testified that she witnessed appellant place a can of body spray inside his shirt, demanded that he return the item to her, and followed him as he walked out of the front door and past all points of

6.

purchase. Appellant did not return the body spray until Br.J. threatened to call the police on him while the two were arguing in the vestibule.

{¶ 17} Moreover, the defense of abandonment is not applicable here since appellant committed the attempted theft before he returned the body spray. As noted above, the defense of abandonment does not apply once criminal intent is formed and "such intent has been coupled with an overt act toward the commission of the contemplated offense." *Cooper* at 178. The evidence submitted at trial supports a finding that appellant took a substantial step towards the commission of a theft offense before returning the body spray, namely the placement of the body spray inside his shirt for purposes of evading detection by store employees and exiting through the front door of the store beyond all points of purchase. Therefore, we find that the state presented sufficient evidence to discredit appellant's abandonment argument and establish appellant's attempt to commit a theft offense.

{¶ 18} Next, appellant argues that the state presented insufficient evidence to demonstrate that he possessed a deadly weapon or brandished a weapon within the meaning of R.C. 2911.02. "Deadly weapon" is defined as "any instrument, device, or thing capable of inflicting death, and designed or specially adapted for use as a weapon, or possessed, carried, or used as a weapon." R.C. 2923.11(A). The Legislative Service Commission comment to R.C. 2923.11(A) identifies a knife as an example of a deadly weapon.

7.

{¶ 19} In his brief, appellant acknowledges the similarities between a knife and a box cutter. Further, a box cutter has been specifically held to be a deadly weapon under R.C. 2923.11. *State v. Freeman*, 11th Dist. Trumbull No. 2011-T-0059, 2012-Ohio-2244, ¶ 13. Nonetheless, appellant contends that he did not possess, carry, or use the box cutter as a weapon in this case. We disagree.

{¶ 20} At trial, Br.J. testified that appellant pulled the box cutter from his pocket, waved it at her, and said, "Bitch, I'll be waiting for you when you get off work." Based on this unrefuted testimony, we conclude that a factfinder could have found that appellant possessed, carried, or used the box cutter as a deadly weapon beyond a reasonable doubt.

{¶ 21} In light of our review of the record, including the transcript of the proceedings and the video footage of the incident captured by Family Dollar surveillance cameras, we find that appellant's aggravated robbery conviction was supported by sufficient evidence. Accordingly, appellant's sole assignment of error is not well-taken.

### III. Conclusion

{¶ 22} In light of the foregoing, we affirm the judgment of the Lucas County Court of Common Pleas. Costs are hereby assessed to appellant in accordance with App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.


Mark L. Pietrykowski, J.          _____
                                                                          JUDGE

Stephen A. Yarbrough, J.

                                                                _____
James D. Jensen, P.J.                                                  JUDGE
CONCUR.

                                                                _____
                                                                          JUDGE


This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.sconet.state.oh.us/rod/newpdf/?source=6.