DECISION AND JUDGMENT ENTRY
{¶ 1} This appeal is from the March 23, 2006 judgment of the Lucas County Court of Common Pleas, which sentenced appellant, Everette Morgan, following his conviction of felonious assault, a violation of R.C. 2903.11(A)(1). Upon consideration of the assignments of error, we affirm the decision of the lower court. Appellant asserts the following assignments of error on appeal: *Page 2 
 {¶ 2} "Assignment of Error No. 1: The trial court erred when it admitted, over objection, statements made by the defendant during an interview and evaluation with Court Diagnostic.
 {¶ 3} "Assignment of Error No. 2: The defendant was denied his right to a fair trial when the court allowed the state to impeach the defendant with a prior undisclosed statement."
 {¶ 4} Appellant was charged with felonious assault. At trial, two correctional officers at the Lucas County jail testified that on August 25, 2005, appellant was yelling and screaming while being returned to his cell after having been escorted to the library. While one deputy stood beside the cell holding the door open, the other officer repeatedly told appellant he had to return to the cell. After appellant entered his cell, he confronted one officer as if he was going to hit him. When appellant would not calm down, the officers forced him face down onto his bunk. The officers remained with appellant for 15-to-20 minutes until he calmed down. When they released him, appellant became aggressive again and kicked one of the officers hard enough that appellant broke the officer's leg. Appellant then crunched down and said, "I'm sorry, I'm sorry."
 {¶ 5} Appellant testified on his own behalf. According to appellant, the officer who escorted him to the library that day became aggravated when he believed that appellant was returning to his cell unsupervised. Appellant testified that he and the officer only argued. However, on cross-examination, appellant admitted that he had told Dr. Sherman of the Court Diagnostic Center (during a competency evaluation in October *Page 3 
2005) that the officer had also attempted to knock library books out of appellant's hands during this altercation.
 {¶ 6} Appellant also testified that upon returning to his cell block, three officers attacked him in his cell after he questioned the order to return to the cell for lock down. He claimed that one officer grabbed him and pushed him into the cell. Then two other officers joined in and assisted the first officer in his attempt to force appellant to stay in the cell. When appellant continued to verbally challenge the officers, the officers rushed appellant and slammed him onto his bed. Shortly afterward, all of the officers left the cell. Appellant denied ever kicking an officer. On cross-examination, appellant admitted that he remembered telling Dr. Sherman that the officer's leg must have been fractured by accident, perhaps when he tripped over a stool in appellant's cell. When presented with this prior statement, appellant testified that the officer could have fractured his leg when he kicked the stool by mistake while aiming for appellant.
 {¶ 7} In his first assignment of error, appellant argues that the statements he made during a court-ordered psychological examination could not be used to impeach him. At trial, the defendant testified regarding the factual events of the crime, which contradicted his earlier statements to a psychologist.
 {¶ 8} While appellant objected to the questioning regarding his prior inconsistent statement on the basis that the prosecution had not laid a proper foundation for such questioning, he never objected to the use of the prior statement on the grounds that it was prohibited by R.C.2945.371(J). Absent plain error, the failure to object to an alleged error at the time of trial, results in waiver of the error and we need not address the issue *Page 4 
on appeal. Crim.R. 30(A) and State v. Lundgren, 73 Ohio St.3d 474, 493,1995-Ohio-227. Plain error is found only in exceptional cases in order to prevent a manifest miscarriage of justice. State v. Long (1978),53 Ohio St.2d 91, paragraph three of the syllabus, certiorari denied (1984), 465 U.S. 1106. Plain error will be recognized where but for the error, the outcome of the trial would have been different. Crim.R. 52(B) and State v. Wogenstahl, 75 Ohio St.3d 344, 357, 1996-Ohio-219.
 {¶ 9} Because there was evidence presented in this case upon which the jury could convict appellant, we find that even if the alleged error constitutes a violation of R.C. 2945.371(J), it did not rise to the level of plain error. Appellant's first assignment of error is found not well-taken.
 {¶ 10} In his second assignment of error, appellant argues that he was denied his right to a fair trial when the court allowed the state to impeach the defendant with a prior undisclosed statement.
 {¶ 11} Crim.R. 16(B)(1)(a) provides that upon a defendant's motion, "the court shall order the prosecuting attorney to permit the defendant to inspect and copy or photograph any of the following which are available to, or within the possession, custody, or control of the state, the existence of which is known or by the exercise of due diligence may become known to the prosecuting attorney:
"(ii) Written summaries of any oral statement, or copies thereof, made by the defendant or co-defendant to a prosecuting attorney or any law enforcement officer."
 {¶ 12} Crim.R. 16(E)(3) provides that: "If at any time during the course of the proceedings it is brought to the attention of the court that a party has failed to comply *Page 5 
with this rule or with an order issued pursuant to this rule, the court may order such party to permit the discovery or inspection, grant a continuance, or prohibit the party from introducing in evidence the material not disclosed, or it may make such other order as it deems just under the circumstances."
 {¶ 13} Because this rule allows the trial court to exercise its discretion when remedying a Crim.R. 16 violation, its decision is reviewed by this court under an abuse of discretion standard. State v.Parson (1983), 6 Ohio St.3d 442, 445. In the Parson case, the Supreme Court of Ohio set forth the following test for determining when the trial court's decision constitutes an abuse of discretion under the circumstances of a particular case: "Where, in a criminal trial, the prosecution fails to comply with Crim.R. 16(B)(1)(a)(ii) by informing the accused of an oral statement made by a co-defendant to a law enforcement officer, and the record does not demonstrate (1) that the prosecution's failure to disclose was a willful violation of Crim.R. 16, (2) that foreknowledge of the statement would have benefited the accused in the preparation of his defense, or (3) that the accused was prejudiced by admission of the statement, the trial court does not abuse its discretion under Crim.R. 16(E)(3) by permitting such evidence to be admitted." Id. at the syllabus.
 {¶ 14} In this case, appellant requested written summaries of any oral statements made by himself to any corrections officer. The prosecuting attorney did not disclose that any such statements were made. However, at trial, one of the officers testified that appellant apologized after kicking the officer. Appellant did not object to the questioning that drew out the officer's testimony. However, during appellant's testimony, appellant *Page 6 
denied having apologized and objected to being questioned about this statement on cross-examination because it was not provided to him in discovery. The court denied the request for a mistrial on the grounds that this statement was not contained in any police reports and appellant had notice of all of the witnesses that would be called and could have interviewed them.
 {¶ 15} There is no evidence in the record to support a finding that the prosecutor willfully violated Crim.R. 16. However, we agree with appellant that the prosecutor's failure to comply with Crim.R. 16 did result in prejudice to appellant's case. Nonetheless, admission of the statement into evidence did not result in reversible error since the officers testified that appellant kicked one of the officers and this evidence alone was sufficient to support appellant's conviction.State v. Cooper (1977), 52 Ohio St.2d 163, 177.
 {¶ 16} Appellant's second of assignment of error is found not well-taken.
 {¶ 17} Having found that the trial court did not commit error prejudicial to appellant, the judgment of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
 JUDGMENT AFFIRMED. *Page 7 
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Peter M. Handwork, J., Mark L. Pietrykowski, P.J., William J. Skow, J., CONCUR. *Page 1