The STATE of Ohio, Appellee,

v.

BEEBE, Appellant.

[Cite as *State v. Beebe,* 172 Ohio App.3d 512, 2007-Ohio-3746.]

Court of Appeals of Ohio,
Fourth District, Hocking County.

No. 06CA13.

Decided July 18, 2007.

Larry E. Beal, Hocking County Prosecuting Attorney, for the appellee.

David J. Winkelmann, for the appellant.

_____

Per Curiam.

{¶ 1} Carl Beebe, appellant, appeals the judgment of the Hocking County Court of Common Pleas convicting him of unlawful possession of a dangerous ordnance in violation of R.C. 2923.17. He contends that (1) the trial court erred when it denied his motion for a mistrial based on prosecutorial misconduct, (2) his trial counsel was ineffective, and (3) the state failed to prove that he was not a licensed importer, manufacturer, dealer, or user of explosives. Because we find that the trial court improperly denied the appellant's motion for a mistrial on the basis of prosecutorial misconduct, we reverse the judgment of the trial court and remand for a new trial on the matter.

{¶ 2} In April 2006, the appellant was arrested on a traffic warrant and taken to the Southeastern Ohio Regional Jail in Nelsonville. While in jail, the appellant had at least two phone conversations with his mother that were recorded. The conversations included discussions about pistols and explosives located in a trailer on the property of the appellant's mother. At one point in the recordings, the appellant instructed his mother to move the firearms and explosives to a more secure place on her property. A subsequent search of the property revealed explosives in the exact location where the appellant had directed his mother to move them.

{¶ 3} On June 19, 2006, a Hocking County Grand Jury indicted the appellant on a single count of unlawful possession of a dangerous ordnance in violation of R.C. 2923.17. A trial was held on July 11, 2006, and the jury convicted the appellant. On August 16, 2006, the trial court held a sentencing hearing, wherein the appellant was sentenced to 12 months in prison. The appellant now appeals his conviction, asserting the following assignments of error:

{¶ 4} 1. The trial court erred in not granting defense counsel's motion for a mistrial based on prosecutorial misconduct.

{¶ 5} 2. Counsel's failure to object to Beebe's wearing of jail attire at trial and request a continuance constitutes ineffective assistance of counsel.

{¶ 6} 3. The combination of prosecutorial misconduct and the appellant's attire resulted in cumulative error.

{¶ 7} 4. The state failed to prove that Beebe was not a licensed importer, manufacturer, dealer, or user of explosives, an element of the case.

{¶ 8} In his first assignment of error, the appellant contends that the trial court erred when it failed to grant defense counsel's motion for a mistrial based on prosecutorial misconduct. As the Supreme Court of Ohio noted in *State v. Lott* (1990), 51 Ohio St.3d 160, 555 N.E.2d 293, when reviewing a claim of prosecutorial misconduct, the relevant inquiry for an appellate court is, first, whether the prosecutor's remarks actually were improper, and second, if they were, whether any of defendant's substantial rights were adversely affected. Reversal is warranted only if the prosecutorial misconduct "permeates the entire atmosphere of the trial." *United States v. Warner* (C.A.6, 1992), 955 F.2d 441, 456; see, also, *State v. Tumbleson* (1995), 105 Ohio App.3d 693, 664 N.E.2d 1318. While "[i]t is improper for an attorney to express his personal belief or opinion as to the credibility of a witness or as to the guilt of the accused," *State v. Smith* (1984), 14 Ohio St.3d 13, 14, 14 OBR 317, 470 N.E.2d 883, "the misconduct's effect on the trial, not the blameworthiness of the prosecutor, is the crucial inquiry for due process purposes." *Smith v. Phillips* (1982), 455 U.S. 209, 220, 102 S.Ct. 940, 71 L.Ed.2d 78, fn. 10. Thus, misconduct is not grounds for reversal unless the defendant has been denied a fair trial. *State v. Maurer* (1984), 15 Ohio St.3d 239, 266, 15 OBR 379, 473 N.E.2d 768.

{¶ 9} The appellant argues that the trial below was riddled by prosecutorial misconduct. Specifically, he argues that the prosecutor used the fact that the appellant had exercised his constitutional privilege against self-incrimination to suggest to the jury that he was lying to them or keeping important information from them. The appellant points specifically to two exchanges that occurred between the prosecutor and himself at trial. The first exchange occurred as follows:

Prosecuting Attorney: * * * [S]o you'll answer the question. Okay. Were these explosives yours? Do you want to take the fifth?

Appellant: I answered that question. Those explosives were not mine.

Prosecuting Attorney: All right. Okay. Do you want to take the fifth or do you want to answer the question?

The Court: He answered the question.

Appellant's Counsel: He answered it.

Prosecuting Attorney: Okay. Just want to make sure. I want to make sure.

Appellant's Counsel: You're just repeating it.

{¶ 10} The appellant argues that although he clearly answered the question posed to him by the prosecutor, as noted by both the trial judge and his own counsel, the prosecutor took the opportunity to point out to the jury that the appellant had been or was going to be taking the Fifth Amendment on certain

issues. The appellant argues that this tactic negatively influenced the jury. The second exchange to which the appellant takes exception took place as follows:

Prosecuting Attorney: Did you not say that those items were kept under lock and key?

Appellant: I would have to accept the fifth amendment.

Prosecuting Attorney: Say yes or no.

The Court: No, he said he would have to take the fifth amendment, I believe.

Prosecuting Attorney: Oh, I'm sorry. I thought he was going to ramble on. Taking the fifth on that?

Appellant: Yes, sir, I am.

Prosecuting Attorney: Once again, you don't want the jury to hear the truth. Is that what you're saying?

Appellant's Counsel: Objection. That's improper to make that kind of comment.

The Court: That's absolutely improper.

Appellant: Absolutely improper.

The Court: And the jury will disregard the statement by the prosecutor. One more question like that and we're done.

{¶ 11} Clearly, it is improper for a prosecutor to comment on the defendant's failure to testify. *Griffin v. California* (1965), 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106; *State v. Cooper* (1977), 52 Ohio St.2d 163, 173, 6 O.O.3d 377, 370 N.E.2d 725. In order to determine whether there was a violation of defendant's Fifth Amendment rights, we must consider " 'whether the language used was manifestly intended or was of such character that the jury would naturally and necessarily take it to be a comment on the failure of the accused to testify.' " *State v. Twyford* (2002), 94 Ohio St.3d 340, 355–356, 763 N.E.2d 122, quoting *State v. Webb* (1994), 70 Ohio St.3d 325, 328, 638 N.E.2d 1023.

{¶ 12} In our view, the comments by the prosecutor in this instance can be read as an impermissible inference of guilt regarding the defendant's decision not to testify. Despite the trial judge's stern admonitions, the prosecutor continuously referred to the appellant's decision to take the Fifth Amendment on certain matters. Therefore, the appellant's rights were adversely affected and the appellant was denied a fair trial.

{¶ 13} The framers of the Constitution recognized long ago the sacred right against self-incrimination, and courts must be vigilant in preserving it. Because the prosecutorial misconduct that occurred during the trial negatively affected the appellant's substantial rights, we vacate the trial court's judgment and

imposed sentence and remand the cause for a new trial. In light of our resolution of this matter, the appellant's other assigned errors are rendered moot.

Judgment and sentence vacated
and cause remanded.

McFARLAND, P.J., and ABELE, J., concur.

KLINE, J., dissenting in part.

{¶ 14} I respectfully dissent as to the fourth assignment of error.

{¶ 15} The majority finds this alleged error moot. However, I disagree because if the state failed to provide sufficient evidence to prove an element of the offense, then double jeopardy would prevent a retrial.

{¶ 16} Therefore, I would address the alleged error and find Beebe's argument lacks merit. Consequently, I would overrule Beebe's fourth assignment of error.

{¶ 17} Thus, I dissent in part.