[Cite as *State v. Bingham*, 2022-Ohio-2074.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-210434 |
| | | TRIAL NO. 21CRB-3436 |
| Plaintiff-Appellee, | : | |
| vs. | : | *O P I N I O N.* |
| TIANA BINGHAM, | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From: Hamilton County Municipal Court

Judgment Appealed From Is: Affirmed

Date of Judgment Entry on Appeal: June 17, 2022

*Andrew W. Garth*, City Solicitor, *William T. Horsley*, Chief Prosecuting Attorney, and *Jennifer Bishop*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Raymond T. Faller*, Hamilton County Public Defender, and *David Hoffman*, Assistant Public Defender, for Defendant-Appellant.

**BOCK, Judge.**

**{¶1}** Defendant-appellant Tiana Bingham appeals the trial court's judgment convicting her of menacing in violation of R.C. 2903.22. For the following reasons, we affirm the trial court's judgment.

## **Relevant Facts and Procedural History**

**{¶2}** Bingham was charged with aggravated menacing after Joelle Armstead reported to Cincinnati police that Bingham had threatened her.

**{¶3}** Bingham had been scheduled for trial in May and June 2021, but the trials did not go forward due to a police officer being unavailable one day and the prosecuting witness being unavailable on the other day.

**{¶4}** At a July 2021 trial setting, the court stated that it had an appointment at 2:00 p.m. that day. The court offered to start the trial and continue it in progress, but the prosecuting witness had to leave. Bingham orally moved for dismissal, pointing to the unavailability of the prosecuting witness and a police officer at the two previous settings and the court's unavailability that day. Bingham did not assert her speedy-trial rights. The court denied her motion, stated that the continuance was at the court's request, and that it would toll the speedy-trial time under R.C. 2945.72.

**{¶5}** At the August 2021 trial, Armstead was the only witness. She testified that, while standing on the patio at a bar, she overheard Bingham state that "[Armstead] going to get her ass beat and drug through the bar" and that Bingham would shoot her. Bingham was there with Armstead's ex-boyfriend, Donovan Squire. When Armstead asked Bingham about what she had overheard, Squire told Armstead to leave. Bingham followed her. Armstead testified that Bingham did not show her a gun, but she knew that Bingham carried one.

2

**{¶6}** Armstead testified that she felt threatened by Bingham's statements, so she needed to make a report "before something drastic happen[ed]." She added that Bingham had been getting into her personal space and calling her names. She testified that, on a couple of occasions, Bingham had "bumped into" Armstead. Armstead stated that she believed Bingham was going to harm her, so she called Elmwood police when she got home from the bar.

**{¶7}** Elmwood police called Armstead the following morning and advised her that she needed to file the report with Cincinnati police. Armstead called 911. Cincinnati police responded to Armstead's home that day. Armstead testified that she was scared on the day after the altercation because, "When you say you're going to shoot me, and my son got murdered, yeah I was scared because I don't know what can happen."

**{¶8}** After the state rested, Bingham moved for a Crim.R. 29 dismissal, which was denied.

**{¶9}** The trial court found that Bingham did not brandish a gun and that there was no threat of immediate harm. It convicted Bingham of the lesser-included offense of menacing under R.C. 2903.22. The trial court sentenced Bingham to 30 days in jail with 30 days suspended, court fines and costs, and six months of non-reporting probation. The court ordered Bingham to stay away from Armstead.

### Law and Analysis

A. <u>Bingham waived argument involving speedy-trial rights</u>

**{¶10}** In Bingham's first assignment of error, she argues that her speedy-trial rights were violated. She asserts that she moved for dismissal on day 95 of the speedy-trial clock.

{¶11} "Failure to raise the speedy-trial issue prior to the commencement of trial effects a waiver of the claim." *State v. Peoples*, 1st Dist. Hamilton No. C-940809, 1995 Ohio App. LEXIS 4033, *8 (Sept. 20, 1995).

{¶12} Bingham moved to dismiss twice. She first moved for dismissal at the July 2021 trial date, but her argument involved the unavailability of witnesses and the court. While the court stated that it was tolling time under R.C. 2945.72, Bingham did not raise speedy-trial time as a basis for her motion. The other request for a dismissal was an oral Crim.R. 29 motion for an acquittal that was made after the state rested.

{¶13} Bingham did not raise the expiration of her speedy-trial time below. Consequently, her first assignment of error is overruled.

## B. Conviction of a Lesser-Included Charge

{¶14} In her second assignment of error, Bingham contends that the trial court's conviction for menacing was contrary to the manifest weight of the evidence.

{¶15} In reviewing a weight-of-the-evidence claim, this court must review "the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine whether, in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Bailey*, 1st Dist. Hamilton No. C-140129, 2015-Ohio-2997, ¶ 59, quoting *State v. Thompkins,* 78 Ohio St.3d 380, 678 N.E.2d 541 (1997). This court will not substitute its judgment for that of the trier of fact on the issue of witness credibility unless it is patently apparent that the trier of fact lost its way in arriving at its verdict. *Bailey* at ¶ 63.

4

{¶16} Bingham was charged with aggravated menacing under R.C. 2903.21(A), but the trial court convicted her of menacing under R.C. 2903.22. Bingham asserts that by convicting her of the lesser-included offense, its conviction was contrary to the weight of the evidence. Aggravated menacing occurs when a person "knowingly causes[s] another to believe that the offender will cause serious physical harm to the person." R.C. 2903.21(A). Menacing, a lesser-included offense, occurs when a person "knowingly cause[s] another to believe that the offender will cause physical harm to the person." R.C. 2903.22.

{¶17} Generally, a trial court may enter a judgment of conviction on a lesser-included offense, an offense of an inferior degree, or an attempt to commit the greater charged offense. Crim.R. 31(C). A court must charge on a lesser-included offense "only where the evidence presented at trial would reasonably support both an acquittal on the crime charged and a conviction upon the lesser included offense." (Internal citations omitted.) *State v. Adams*, 144 Ohio St.3d 429, 2015-Ohio-3954, 45 N.E.3d 127, ¶ 241.

{¶18} Once the trial court confirmed that Bingham had not brandished a gun, it correctly concluded that Bingham met the elements of menacing as the record reflected that she "knowingly caused [Armstead] to believe that [Bingham] would cause physical harm to [Armstead]." Armstead overheard Bingham make a threat using Armstead's name. Bingham verbally accosted Armstead when she addressed Bingham directly. Armstead attempted to remove herself from the situation, but Bingham continued to pursue her and make threats.

{¶19} The trial court was in the best position to determine whether Armstead's testimony was credible. The testimony at trial supports Bingham's conviction. This is

not one of those rare cases in which the trial court lost its way and created a manifest injustice. Bingham's second assignment of error is overruled.

## Conclusion

{¶20} Bingham did not raise the speedy-trial issue below, thus waiving this argument. Her conviction of the lesser included offense of menacing was proper, within the court's discretion, and not against the manifest weight of the evidence. We therefore affirm the trial court's judgment.

Judgment affirmed.

**ZAYAS, P.J.,** and **BERGERON, J.,** concur.

Please note:

The court has recorded its entry on the date of the release of this opinion.